IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

APRIL 1998 SESSION

**FILED**

**June 11, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE,                    )
       APPELLEE                          )
                                 )
VS.                                    )   C.C.A. No. 01C01-9707-CC-00241
                                 )   MONTGOMERY COUNTY
                                 )   HONORABLE JOHN H. GASAWAY
STEVEN LEE EDMONDS                     )
       APPELLANT                         )   (WITHDRAW GUILTY PLEA)

FOR THE APPELLANT                      FOR THE APPELLEE

Gregory D. Smith                       John Knox Walkup
Attorney at Law                        Attorney General and Reporter
One Pubic Square                       425 Fifth Avenue, North
Clarksville, TN  37040                 Nashville, TN  37243

                                       Janis L. Turner
                                       Assistant Attorney General
                                       425 Fifth Avenue, North
                                       Nashville, TN  378243

                                       John Carney
                                       District Attorney General
                                       204 Franklin St., Suite 200
                                       Clarksville, TN  37040

                                       Arthur Bieber
                                       Assistant District Attorney General
                                       204 Franklin St., Suite 200
                                       Clarksville, TN  37040

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SPECIAL JUDGE

**OPINION**

This is an appeal as of right from the Montgomery Circuit Court wherein it is alleged the trial court erred in not permitting the defendant to set aside his guilty plea. The defendant had entered nine guilty pleas to various misdemeanors and felonies and to an admission of violation of probation in an unrelated offense. The trial court set a sentencing hearing and in the interim the defendant filed a pro se motion to set aside his guilty pleas. After an evidentiary hearing to determine the merits of the motion, the trial court denied the motion and imposed sentences in compliance with agreed pleas. After a review of this issue and the entire record in this cause, the trial court's judgment is affirmed.

On August 26, 1996, the defendant, through his attorney of record, entered pleas of guilty in indictment #36949 count one to the offense of evading an arrest, a Class A misdemeanor; count two to the offense of stalking, a Class A misdemeanor; count three to the offense of evading an arrest by use of a vehicle, a Class E felony; count four to the offense of leaving the scene of an accident, a Class B misdemeanor; count five to the offense of driving on revoked license, a Class B misdemeanor; count six to the offense of aggravated robbery, a Class B felony; count seven to the offense of aggravated assault, a Class C felony; and in count eight to the offense of kidnapping, a Class C felony. In indictment #36892, the defendant pled guilty to driving on a revoked license, a Class B misdemeanor. Also, the defendant admitted to a violation of probation in cause #33717, involving a conviction for aggravated burglary receiving four years. Since the pleas were submitted to the trial court to determine the appropriate terms of imprisonment, the trial court set a sentencing hearing for October 17, 1996, requesting a pre-sentence report and victim impact statement.

On September 16, 1996, the defendant, through his attorney, filed a written motion to withdraw (via an attached letter) his nine pleas of guilty entered August 26, 1996. The defendant alleges that "the defendant has never been informed of

2

any possible defenses" to his charges and his decision to plead guilty was quickly entered and not in his best interest. Also, the defendant requested appointment of substitute counsel.

The trial court conducted an evidentiary hearing on December 11, 1996, to consider the merits of this motion.

A statement of the facts is helpful to put said offenses in context. A transcript of the guilty plea proceedings of August 26, 1996, was introduced as evidence in this hearing. Mr. Charles Bloodworth, assistant Public Defender and counsel for the defendant, set out the facts before the trial court to support the various pleas, including a little history of the defendant's relationship with the victim of violent offenses. The defendant became infatuated with the victim of the violent offenses long before their occurrence. However, the victim found someone else and evicted the defendant from her home. This eviction did not cool the defendant's amorous blood and the infatuation continued. Count one alleges that on December 4, 1995, the defendant went by the victim's home. She called the police and the defendant ran away (apparently on foot) from the police thus leading to the evading arrest charge. The defendant would not give up. In count two, between December 5 and 21, 1996, he repeatedly called the victim on the phone leading to the stalking charge. Specifically, on December 14, 1996, the defendant really compounded his problems. The victim had asked him to come to the house, he did not, but drove by the house and lo and behold the police are there and the car chase begins, thus the evading arrest of locomotion (count three). Unfortunately for the defendant he is not a good driver, thus crashing his car. But that does not stop him. He is also charged with leaving the scene of an accident (count four) and driving on a revoked license (count five).

3

Beginning December 20, 1995, the defendant really begins to have problems, when he goes to the Showboat, the victim's employment establishment. The defendant must resolve this relationship. Is he going to leave her? Is she going to leave him? Unfortunately for the defendant has a pistol in his waistband under his shirt. Unsatisfied with the victim's responses, the defendant pulls the pistol and says "Give me all the money," which she did. As the defendant leaves, does eternal hope thus rise? He turns, throws the money on the counter and inquires, "Is he going to live his life as an outlaw?" She responds, "just go away." He does with the money.

On December 21, 1995, this wily victim, knowing the defendant's fatal attraction for her, contacts the defendant under the watchful eyes of the police and arranges a meeting at a convenience store. Amazingly, the defendant shows up and gets in the victim's car (all under watchful eyes) and when approached by the police, the defendant pulls his pistol, points it at the victim, and shouts, "Let us go. Let us go. I'll shoot her, I will." Fortunately for everyone, the defendant exercised good judgment and surrendered.

The defendant by admitting his guilt in these offenses, acknowledged these offenses would violate his conditions of probation.

In support of the motion to withdraw the pleas of guilty, the defendant testified that after he had reread the copy of the charge concerning defenses, his attorney never advised him of any defenses although the defendant had a defense. The defendant presented his attorney several witnesses in support of a defense, but the attorney failed to contact them. The defendant believed a co-employee of the victim would testify that the victim actually stole the money and set him up and the victim had stolen some money of a prior occasion and another employee was fired for this. The defendant believes cameras in the store should have picked up the robbery. The defendant acknowledged his attorney explained the nature of a best interest plea and entered such plea due to the duress of facing 50 years or

4

longer.  Overall, the defendant alleges the attorney failed to conduct a proper investigation.

The State offered the defendant's attorney to explain the defendant's complaints.  Defense counsel had been appointed to represent the defendant in the General Sessions Court.  Counsel represented the defendant through the preliminary hearing, the indictment process, and the entry of the guilty pleas.  Defense counsel obtained complete discovery from the State and as part of his investigation found no video camera in the store, or, if there were, no tape was furnished to the defense.  Defense counsel confirmed the defendant gave him the name of a "Melody," last name unknown, who would testify the victim had stolen cash from a cash box on a prior occasion.  Such witness would be utilized to impeach the honesty of the victim.  She could not be found.  Defense counsel enlarged on the State's theory of the allegations surrounding the stalking and especially aggravated kidnapping charges.  Also, defense counsel had his investigator attempt to talk to the victim, but she refused to talk to him.  As to the witness, Jennifer Kilbing, this witness would have testified that the victim had mentioned she was going to stage a robbery with the defendant.  There is some confusion in the record if the armed robbery of December 20, 1995, was the faked robbery.  The defendant informed defense counsel that the robbery of the 20th was not the staged robbery.  Thus, defense counsel decided he could not call Jennifer Kilbing as a witness and present perjured testimony.

As to the best interest plea, defense counsel gave to the defendant three pages setting out the charges, applicable punishment, State's first offer; a revised settlement offer; maximum sentences if convicted by a jury; red dates and options.  The pages were introduced into evidence.  On August 26th, the victim appeared for trial and the defendant decided to plead guilty.

Based on this evidence, the trial court denied the defendant's request to set

5

aside these guilty pleas under the standard set out in rule 32, Tennessee Rules of Criminal Procedure. The trial court found the defendant does not complain of any *Mackey* violations, that the pleas were involuntary, nor were there any complaints the District Attorney General withheld exculpatory evidence. The trial court found defense counsel's representation to be competent and the decision not to utilize Jennifer Kilbing was a matter of trial strategy. This Court agrees with the trial court's analysis and decision.

Rule 32 (f) governs the request for setting aside guilty pleas.

> (f) **Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Generally, a defendant who submits a guilty plea is not entitled to withdraw the plea as a matter of right. *State v. Turner*, 919 S.W.2d 346 (Tenn. Crim. App. 1995). The decision to allow the withdrawal of a guilty plea is within the sound discretion of the trial court and may not be overturned on appeal absent an abuse of discretion. *Henning v. State,* 201 S.W. 669 (Tenn. 1947); *State v. Davis,* 823 S.W.2d 217 (Tenn. Crim. App. 1991).

The evidentiary hearing in this record was a hybrid hearing, Rule 32(f) proceeding and semi-petition post conviction proceedings. The trial court has found the defendant's pleas freely and voluntarily entered; no force or coercion in the pleas; no misrepresentations made by defense counsel to the defendant; no withheld exculpatory evidence by the State and no violation of *Mackey* requirements. The Court finds in this record the trial court did not abuse its

6

discretion in refusing to allow the defendant to withdraw his pleas of guilty. The judgment is affirmed.

_____
L. T. Lafferty, Special Judge

**CONCUR**:

_____
Gary Wade, Presiding Judge

_____
Thomas Woodall, Judge